IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


DAN BRINKMAN,                                    11-CV-118-BR

         Plaintiff,                              ORDER

v.

KELLY GRANT, TROY CUNNINGHAM,
JOHN G. STUMPF, LESLIE WOODLAND,
WELLS FARGO BANK, MIKE MONTELEONE,
FBI, PATRICK LEAHY, FEDERAL
DEPOSIT INSURANCE CORPORATION,

         Defendants.


DAN BRINKMAN
14670 S.W. Quail Lane, #A201
Beaverton, OR 97007

         Plaintiff, *Pro Se*

LEE C. NUSICH
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
(503) 778-2119

         Attorneys for Wells Fargo Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter was initiated when Plaintiff Dan Brinkman, acting as his own attorney, filed his Complaint (#2) on January 28, 2011.  The Complaint names as "Main Defendants" five individuals associated with "Wells Fargo Bank" and "Wells Fargo Bank Corporation."  The Complaint also names as Defendants three "Judicially Petitioned Entities" - the Federal Bureau of Investigation, United States Senator Patrick Leahy in his capacity as Chairman of the Senate Judiciary Committee, and the Federal Deposit Insurance Corporation.  Plaintiff's Complaint includes general allegations of fraud against the "Main Defendants" and asserts the other Defendants "must investigate and prosecute Wells Fargo and their key employees" for fraud.

Before Plaintiff had an opportunity to serve each of the "Main Defendants" with a summons and a service copy of the Complaint, these Defendants filed on February 10, 2011, an appearance in the case in the form of a Motion (#6) to Dismiss and a supporting Memorandum.  On February 11, 2011, the Court issued a Scheduling Order (#10) notifying Plaintiff that his response to the Motion to Dismiss, if any, was due March 2, 2011, and Defendants' reply in further support of the Motion was due March 18, 2011.  These deadlines were set based on Local Rule 7-1(e) to include three additional days for mailing and an additional three days for Plaintiff to respond due to the fact

2  -  OPINION AND ORDER

that he is appearing *pro se*.

Plaintiff sent the Court a letter (#11) dated March 2, 2011, and the Court directed the letter to be filed in the record of the case as a Response to the Motion to Dismiss.

On March 3, 2010, the "Main Defendants" filed a Reply (#12) in further support of their Motion to Dismiss.  Pursuant to Local Rule 7-1(e)(3) and (4), "Main Defendants'" Motion was thus fully briefed.  Rather than attempt to decide the Motion on the paper record alone, the Court determined the matter would be set for oral argument.  The Court directed staff to contact the parties in an effort to find a mutually convenient time for a hearing on the Motion.

In response to the Courtroom Deputy's email to Plaintiff and counsel for the moving Defendants inquiring about dates for a hearing, Plaintiff sent the Court an email letter dated March 15, 2011, which the Court directs the Clerk to file in the record of the case.

In the email, Plaintiff seeks additional time before he is required to participate in a hearing on the Motion.  Plaintiff asserts he would like time to obtain an attorney before the Motion is heard and, in any event, he should be given until at least May 17, 2011, before he is required to appear for an argument on the Motion.  Plaintiff bases that date on the 120-day period from the filing of the complaint that is permitted under

Federal Rule of Civil Procedure 4(m) to effect service of summons
and complaint.

Although the Court will defer setting a hearing on
Defendants' Motion for a reasonable period to allow Plaintiff to
explore the possibility of engaging counsel to assist him in this
matter, the Court informs Plaintiff that when, as here,
defendants voluntarily appear to respond to a complaint, formal
service of summons and complaint is no longer needed as to those
defendants who filed an appearance such as the Motion to Dismiss
filed by certain Defendants in this case.  The 120-day rule to
which Plaintiff points is intended to ensure that a plaintiff
does not delay in providing notice and an opportunity to be heard
to a defending party.  The rule, however, does not prevent a
defending party from voluntarily appearing and subjecting
himself, herself, or itself to the Court's jurisdiction at any
time before the defendant is formally served.  In this case, the
"Main Defendants" have voluntarily appeared, and, therefore, it
is not necessary for them to be formally served.

Thus, if Plaintiff's request for more time were based solely
on his interpretation of the 120-day rule, the Court would be
required to deny the request.  Because Plaintiff, however, also
states he would like the opportunity to "obtain an attorney
first, before any hearing is scheduled," the Court, in the
exercise of its case-management discretion, **GRANTS** Plaintiff's

request for additional time as follows:

1.    The Court will defer until April 15, 2011, the scheduling of a hearing on the "Main Defendants" Motion (#6) to Dismiss.

2.    The Court directs Plaintiff to proceed promptly to obtain counsel (if he so chooses) and orders that any counsel who will be representing Plaintiff in this matter must file a Notice of Appearance no later than **April 15, 2011**.

3.    Thereafter, court staff are directed to schedule the matter for hearing after consulting all counsel of record.  If no attorney has filed a notice of appearance on Plaintiff's behalf by April 15, 2011, staff shall set a hearing after consultation with Plaintiff and counsel for the "Main Defendants."

With respect to the Plaintiff's letter request that each of the individual "Main Defendants" be required to appear personally at any hearing on their Motion to Dismiss, the Court **DENIES** that request.  It is entirely appropriate for such a Motion to be argued by counsel only.  If the Motion is not granted and the case proceeds against these Defendants for purposes of discovery and other process, there will be adequate opportunities for theses Defendants to be required to appear personally.

With respect to the fact that Plaintiff also contends he

should be permitted to maintain this action against the three "Judicially Petitioned Entities," the Court notes none of them has voluntarily appeared in the action.   Thus, if Plaintiff intends to proceed against them, he must serve these Defendants with summons and complaint within the 120-day period he cited in his March 15, 2011, letter.

Accordingly, the scheduling of a hearing on Defendants' Motion (#6) to Dismiss will proceed as directed herein.

IT IS SO ORDERED.

DATED this 16th day of March, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


6   -   OPINION AND ORDER