**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**DAN BRINKMAN,**

**Plaintiff,**

**v.**

**KELLY GRANT, Wells Fargo Regional President, Portland Oregon; TROY CUNNINGHAM, Wells Fargo District Manager, Portland, Oregon; JOHN G. STUMPF, Wells Fargo C.E.O.; LESLIE WOODLAND, Wells Fargo Corporate Security, Portland, Oregon; WELLS FARGO BANK, corporation; MIKE MONTELEONE, Wells Fargo Branch Manager, Portland, Oregon; FEDERAL BUREAU OF INVESTIGATIONS, Washington, D.C.; PATRICK LEAHY, Senator, Chairman of the Judiciary Committee; and FEDERAL DEPOSIT INSURANCE CORPORATION,**

**Defendants.**

**11-CV-118-BR**

**ORDER**

**DAN BRINKMAN**
14670 S.W. Quail Lane, #A201
Portland, OR 97007
(503) 473-4275

Plaintiff, *Pro Se*

**LEE C. NUSICH**
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
(503) 778-2119

Attorneys for Defendants Kelly Grant, Troy Cunningham, John G. Stumpf, Leslie Woodland, Mike Monteleone, and Wells Fargo Bank

**BROWN, Judge.**

This matter comes before the Court on the Motion (#6) of the "Wells Fargo/Main Defendants" (including Defendants Kelly Grant, Troy Cunningham, John G. Stumpf, Leslie Woodland, and Mike Monteleone) to Dismiss Pursuant to Rules 8, 12(b)(6), and 9(b). The matter is also before the Court on Plaintiff's Motion (#28) for Reconsideration of Continuance and Plaintiff's "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" (#29).[1] For the reasons that follow, the Court **DENIES as moot** the Motion (#28) for Reconsideration; treats Plaintiff's "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" (#29) as a Notice of Voluntary Dismissal by the

---

[1]The Court received Plaintiff's Motion for Reconsideration of Continuance and Plaintiff's "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" via email transmission to the Courtroom Deputy. The Court directs the Clerk to filed these documents in the case record.

Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and, therefore, **DISMISSES** this action in its entirety **without prejudice**. Accordingly, the Court also **DENIES as moot** Defendants' pending Motion (#6) to Dismiss.

Since the Court's Order (#15) issued on April 29, 2011, the hearing on the Motion to Dismiss has been scheduled for June 2, 2011. Plaintiff has tried in various ways to force the continuance of the hearing on this Motion. For example, on June 1, 2011, Plaintiff filed a Motion (#24) and a letter (#25) seeking recusal of this judicial officer and a consequent continuance of the hearing on the Motion to Dismiss. Chief Judge Ann Aiken denied (#26) both requests on June 1, 2011, and confirmed the hearing on the Motion to Dismiss would be held on June 2, 2011.

In the hours between close of court on June 1, 2011, and the 9:00 a.m. hearing on June 2, 2011, Plaintiff sent various electronic communications to the Courtroom Deputy, including Plaintiff's Motion (#28) for Reconsideration of Continuance. When court staff instructed Plaintiff to appear for the hearing as scheduled, Plaintiff sent his "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" (#29) in which he makes clear that he wishes to withdraw his present Complaint in its entirety but without prejudice to his filing a new complaint at some future point.

Although Plaintiff reported to court staff that he was near the Courthouse (and, thus, was physically able to appear), he did not attend the scheduled hearing on the Motion to Dismiss. Nevertheless, the Court convened the scheduled proceeding. If Plaintiff had appeared, the Court would have considered his Motion for Reconsideration on the record. If the Court had denied Plaintiff's request, the Court would have proceeded to consider the pending Motion to Dismiss. Based on the record developed in the case, it is likely the Court would have granted the Motion to Dismiss because the Complaint is legally deficient in several respects as to the moving Defendants. The Court also would have granted Plaintiff leave to file an amended complaint to cure those deficiencies. Because as noted below Plaintiff's "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" (#29) effectively dismisses this action in its entirety pursuant to Rule 41(a)(1)(A)(i), the Court did not have the opportunity to point out to Plaintiff the deficiencies of his Complaint for purposes of ensuring that he understood what would have been required of him if he chose to file an amended complaint.

As noted on the record at the hearing on Defendants' Motion, the Court addressed the effect of Plaintiff's "Immediate Withdraw of Federal Complaint Prior to Motion to Dismiss Hearing" (#29). Rule 41(a)(1)(A) provides:

(a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

Because the "Wells Fargo" Defendants appeared in this matter by filing a Rule 12 Motion to Dismiss and have not yet answered or filed a motion for summary judgment, Plaintiff has the unilateral right at this stage to dismiss the action against them. The same is true of Plaintiff's right to dismiss this matter as to those remaining Defendants who have not yet appeared by answer or motion for summary judgment.

Moreover, as provided by Rule 41(a)(1)(B), Plaintiff's withdrawal of his Complaint operates as a dismissal of the action in its entirety "without prejudice," which means this dismissal does not resolve any of the claims on their merits.

Accordingly, the Court concludes it must dismiss this action in its entirety without prejudice, which, in turn, renders moot Plaintiff's Motion (#28) for Reconsideration of Continuance and

the pending Motion (#6) to Dismiss. Accordingly, these and any other outstanding motions in this matter are **DENIED as moot.**

If Plaintiff decides to bring a new action against any of the pending Defendants involving any matter claimed or arising from the same matters alleged in this now-dismissed action, he will not again be entitled to a voluntary dismissal "without prejudice." A voluntary dismissal of any future action based on the same transactions or occurrences underlying this case would constitute an "adjudication on the merits" pursuant to Rule 41(a)(1)(B), and Plaintiff would be foreclosed from bringing a third action on these matters.

## CONCLUSION

For these reasons, this action is **DISMISSED** in its entirety **without prejudice** pursuant to Rule 41(a)(1)(A)(I).

IT IS SO ORDERED.

DATED this 2nd day of June, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge